UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMUNITY HOSPITAL, et al.,<br><br>　　　　　Defendants. | Case No.  1:24-cv-00589-KES-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>(Doc. 3)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.     Background**

Plaintiff Candace Smith ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on May 16, 2024. (Doc. 1.) On July 2, 2024, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and granted her leave to amend within thirty (30) days. (Doc. 4.) Plaintiff failed to file a timely amended complaint in compliance with the Court's order. Accordingly, on August 13, 2024, the Court issued findings and recommendations that recommended this action be dismissed based on Plaintiff's failure to obey the Court's order, for lack of jurisdiction, and for failure to state a cognizable claim upon which relief may be granted. (Doc. 6.) Both the July 2, 2024 screening order (Doc. 4) and the findings and recommendations (Doc. 6) were returned as undeliverable on September 3, 2024.

///

## II. Discussion

Plaintiff is required to keep the Court apprised of her current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than November 5, 2024. Plaintiff has failed to file a change of address or otherwise update the Court. The Court notes that Plaintiff filed a separate action on October 28, 2024, in the matter of *Candace Smith v. Jimmy Carlise, et al.*, No. 1:24-cv-01317-BAM, which utilized a different address.[2] Yet, like the instant action, the Court's most recent order in that action was returned as undeliverable on November 8, 2024. *See Smith v. Carlise*, No. 1:24-cv-01317-BAM.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's orders, the expeditious resolution of

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

[2] A court may take judicial notice of its own records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

1  litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. The
2  third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption
3  of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v.*
4  *Air West,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal
5  because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643
6  (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to
7  move a case toward disposition on the merits but whose conduct impedes progress in that
8  direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (citation omitted). More
9  importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other
10 reasonable alternatives available to address Plaintiff's failure to prosecute this action and her
11 failure to apprise the Court of her current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441. The
12 Court will therefore recommend that this action be dismissed based on Plaintiff's failure to
13 prosecute this action.

14         **III.    Conclusion and Recommendation**

15         Accordingly, it is HEREBY ORDERED that the Findings and Recommendations issued
16 on August 13, 2024, are VACATED. (Doc. 6.) Furthermore, the Court HEREBY
17 RECOMMENDS that this action be dismissed based on Plaintiff's failure to prosecute. Fed. R.
18 Civ. P. 41(b); L.R. 183(b).

19         These Findings and Recommendations will be submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within
21 **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may
22 file written objections with the court. The document should be captioned "Objections to
23 Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**
24 **fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page**
25 **number if already in the record before the Court. Any pages filed in excess of the 15-page**
26 **limit may not be considered.** Plaintiff is advised that failure to file objections within the
27 ///
28 ///

3

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 13, 2024**              /s/ Barbara A. McAuliffe             
                                         UNITED STATES MAGISTRATE JUDGE